UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

ADRIAN MACIAS,

    Plaintiff,

v.

MSC CRUISES (USA), INC., a
foreign corporation, and
MSC CROCIERE, S.A., a foreign
corporation,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ADRIAN MACIAS, by and through his undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, MSC CRUISES (USA), INC. and MSC CROCIERE, S.A., and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Complaint arises from the horrific sexual assaults of ADRIAN MACIAS ("ADRIAN") during a spa massage he received while he was a paid passenger aboard MSC DIVINIA. The perpetrator of the sexual assaults was a male massage therapist, who was an agent of Defendants.

2. All conditions precedent to bring this action have been satisfied or otherwise excused, including the pre-suit notice of claim required by the terms and conditions of Plaintiff's cruise ticket. (See notice letter attached as Exhibit "A" and the passenger ticket is not in Plaintiff's possession).

1

3. This Court has jurisdiction based on Diversity of Citizenship pursuant to 28 U.S.C. §1332(a)(1), as there is diversity of citizenship between the parties and the amount in controversy exceeds five million dollars ($5,000,000), exclusive of costs and interest. Jurisdiction is also proper in this Court under 28 U.S.C. §1333(1), which provides original jurisdiction to United States District Courts, exclusive of State Courts, of any civil case of admiralty or maritime jurisdiction.

4. Venue is proper in the United States District Court for the Southern District of Florida because this venue is required under the terms of the passenger ticket tendered by Defendants to the Plaintiff. Venue is also proper pursuant to 28 U.S.C. §1391, as the principal business address of MSC CRUISES (USA) is 6750 N. Andrews Avenue, Suite 100, Ft. Lauderdale, Florida.

5. At all relevant times, Plaintiff ADRIAN MACIAS was and is an adult male resident of and domiciled in the State of Nevada.

6. At all material times, ADRIAN MACIAS was an invitee and paid passenger on board Defendants' vessel, MSC DIVINA, in May 2014 with the actual and/or constructive consent of Defendants to be physically present about such vessel.

7. At all times material hereto, Defendants, MSC CRUISES (USA), INC. and MSC CROCIERE, S.A., (COLLECTIVELY REFERRED TO AS "MSC CRUISES") were foreign corporations authorized to do business in the State of Florida. MSC CRUISES engaged in substantial business activity in the State of Florida, and in particular, in Broward County, Florida.

8. MSC CRUISES engages in the business of providing cruise voyages to paying passengers.

9. At all relevant times, MSC CRUISES owned and/or operated a luxury passenger cruise ship known as MSC DIVINA. MSC CRUISES arranged for the hiring, training, retaining, and supervising of crewmembers and other staff aboard the MSC DIVINA, including massage therapists in the Aurea Spa on board MSC DIVINA. MSC DIVINA also arranged for all safety protocols on MSC DIVINA, including in its spa.

10. ADRIAN MACIAS contracted with Defendants as a paid passenger aboard MSC DIVINA to embark from Miami on May 3, 2014.

11. At all relevant times, MSC CRUISES was a "Common Carrier" and thus, subject to strict liability for harm caused to passengers by the actions of its agents.

12. At all relevant times, the male massage therapist who sexually assaulted ADRIAN MACIAS was employed by and/or held out to be an agent of MSC CRUISES in the Asian-inspired Aurea Spa on MSC DIVINA.

13. The name of the massage therapist is unknown to ADRIAN MACIAS, though he can identify him in promotional material produced by MSC CRUISES. For instance, in an online promotional video for MSC Divina found at http://www.youtube.com/watch?v=gKqXsEIFhAM, the subject massage therapist appears at the left of the video at 1:58 and 3:23. For ease of reference, he is referred to herein as "MASSAGE THERAPIST".

**FACTUAL ALLEGATIONS**

14. ADRIAN MACIAS boarded the MSC DIVINA in Miami, Florida as a paying passenger on May 3, 2014.

15. MSC DIVINA embarked from Miami on May 3, 2014 and disembarked to Miami seven nights later on May 10, 2014 after stops in St. Maarten, Puerto Rico, and the Bahamas.

16. On or about Sunday, May 4, 2014, ADRIAN booked a total of four massages on the MSC DIVINA for him and his guest. Three of the massages were for ADRIAN and one massage was for his guest.

17. At the time he booked the massages, ADRIAN did not indicate a preference as to the gender of his message therapist. ADRIAN expected that all of the massage therapists on MSC DIVINA were fully qualified, practice ethical massage practices, and were otherwise trustworthy.

18. On each occasion when he went to get a massage, ADRIAN did not know which massage therapist would be assigned to him until he arrived at the spa.

19. On or about Sunday, May 4, 2014, ADRIAN had his first massage in the spa of MSC DIVINA. When ADRIAN arrived at the spa, he was handed a thin, skimpy thong to wear during the massage and was assigned to the MASSAGE THERAPIST.

20. During the May 4, 2014 massage, MASSAGE THERAPIST's genitals grazed against ADRIAN's right hand, and MASSAGE THERAPIST commented that ADRIAN was very sensitive and laughed. MASSAGE THERAPIST also slid ADRIAN's thong off and began to massage and inappropriately touch ADRIAN near his genitals and lower abdomen.

21. Throughout the massage, MASSAGE THERAPIST kept asking ADRIAN, "are you okay? you sure?" while laughing. ADRIAN said yes, thinking he was referring to the pressure being applied.

22. ADRIAN felt paralyzed and was stunned, embarrassed and confused. ADRIAN did not know what to think or do.

23. MASSAGE THERAPIST said multiple times throughout the massage, "shhh, no speak after" and held a finger up to his mouth. When the massage concluded, ADRIAN exited the spa without incident.

24. On or about May 6, 2014, ADRIAN returned to the spa for his second massage. On this occasion, he was assigned to a different massage therapist and the massage occurred without any incident.

25. On or about May 8, 2014, ADRIAN returned to the spa for his third pre-charged massage appointment. This time he was again assigned to the MASSAGE THERAPIST who performed his first massage. During this massage, MASSAGE THERAPIST overtly sexually assaulted ADRIAN.

26. MASSAGE THERAPIST removed ADRIAN's thong during the massage. MASSAGE THERAPIST put his finger around ADRIAN's penis and fondled ADRIAN underneath his genitals and near and around his anus. Again, ADRIAN was stunned, embarrassed and confused. ADRIAN did not know what to think or do and he felt paralyzed.

27. ADRIAN's eyes were closed during the third massage and when he opened them MASSAGE THERAPIST was so close to his mouth it seemed that he was attempting to kiss ADRIAN.

28. ADRIAN then asked MASSAGE THERAPIST when the reflexology part of the massage would begin and startled, MASSAGE THERAPIST moved back and said, "now." MASSAGE THERAPIST then continued the massage and said, "I'm sorry, just forget it." When the massage concluded shortly thereafter, ADRIAN exited the spa without incident.

## COUNT I - RESPONDEAT SUPERIOR / STRICT LIABILITY
### (In Reference to the Sexual Battery by the Massage Therapist)

29. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 28 above.

30. As detailed herein, MASSAGE THERAPIST sexually assaulted ADRIAN during massages at the spa on MSC DIVINA.

31. The assaults occurred while on board MSC DIVINA during the contractual period of ADRIAN's passenger ticket and occurred while MASSAGE THERAPIST was acting as an agent within the scope of his employment or performing his duties and responsibilities as an employee of MSC CRUISES aboard MSC DIVINA.

32. Acting as an actual or apparent agent of MSC CRUISES, MASSAGE THERAPIST was given the responsibility of performing quality massage services on MSC DIVINA on passengers who are undressed and in a vulnerable position.

33. MASSAGE THERAPIST seized this opportunity to commit sexual battery upon ADRIAN consisting of intentional, harmful, unwanted and offensive sexual contact upon his person.

34. The acts described above were committed during normal working hours at the spa on the premises of the MSC DIVINIA operated and/or owned and/or controlled by MSC CRUISES, and occurred during MASSAGE THERAPIST's working hours.

35. The special relationship between a common carrier and passengers for hire arises from the fact that the passengers are entrusting themselves to the cruise ship company's protection and care. A cruise ship corporation has a duty of safe transport, including, *inter alia*, protection of ship passengers from attacks by its crew members and agents. MSC CRUISES did

not protect ADRIAN MACIAS from the attack by the MASSAGE THERAPIST and is thus strictly liable for his actions.

36. In cases such as this, an agent's improper conduct must be imputed to the master, or the carrier, due to the fact that the servants aboard the ship are hired to perform the contract to safely transport the passengers. By intentionally causing harmful, unwanted and offensive sexual contact, MASSAGE THERAPIST breached his duty as an agent of MSC CRUISES and thus, MSC CRUISES is strictly liable for MASSAGE THERAPIST's actions and the consequences thereof.

37. As a direct result of the foregoing, Plaintiff has suffered psychological, emotional and physical injuries, mental anguish, and the loss of enjoyment of life. The losses are permanent or continuing in nature and Plaintiff will sustain losses in the future.

WHEREFORE, Plaintiff, ADRIAN MACIAS, demands judgment against Defendants, MSC CRUISES (USA), INC. and MSC CROCIERE, S.A., for compensatory damages, costs and such other and further relief as this Court may deem appropriate.

## COUNT II – NEGLIGENCE

38. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 28 above.

39. At all material times, MSC CRUISES owed a duty to Plaintiff to use reasonable care to ensure his safety, care and well-being while he was obtaining spa services. These duties encompassed the hiring, retention, training, and supervision of qualified and suitable massage therapists.

40. MSC CRUISES breached these duties by failing to protect the Plaintiff from sexual battery and lewd and lascivious acts committed by their agent.

41. Upon information and belief, prior to the sexual battery perpetrated on the Plaintiff, MSC CRUISES knew or in the exercise of reasonable care should have known that MASSAGE THERAPIST was unfit for the intimate duties assigned, did not exhibit appropriate boundaries with clients, was sexually inappropriate with clients, and/or posed a risk of perpetrating unwanted sexual contact on Plaintiff.

42. Despite such actual or constructive information, MSC CRUISES allowed MASSAGE THERAPIST to provide massages on MSC DIVINA without any limitations, failed to provide adequate training, supervision and preventive measures, and MSC CRUISES took no action protect any of his clients.

43. Despite such actual or constructive knowledge, MSC CRUISES retained MASSAGE THERAPIST, and failed to exercise adequate supervision by placing Plaintiff without warning in a vulnerable position undressed on the massage table in a dimly lit room alone with MASSAGE THERAPIST.

44. As a direct and proximate cause of the foregoing, Plaintiff has suffered psychological and emotional injuries, mental anguish and the loss of enjoyment of life. The losses are permanent or continuing in nature and Plaintiff will sustain losses in the future.

WHEREFORE, Plaintiff, ADRIAN MACIAS, demands judgment against Defendants MSC CRUISES (USA), INC. and MSC CROCIERE, S.A. for compensatory damages, costs and such other and further relief as this Court deems proper.

## COUNT III – VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

45. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 28 above.

46. At all relevant times, the MASSAGE THERAPIST assigned to give the massage to ADRIAN MACIAS was an employee and/or agent of MSC CRUISES.

47. MASSAGE THERAPIST was authorized and entrusted by MSC CRUISES to be alone with Plaintiff, while Plaintiff was undressed and in a vulnerable position.

48. The sexual misconduct described above occurred on a massage table, on premises operated and/or controlled by MSC CRUISES.

49. The sexual misconduct described above occurred during normal business hours of MSC CRUISES, and occurred in the course and scope of the performance of MASSAGE THERAPIST's duties.

50. The initial contact and relationship of MASSAGE THERAPIST with ADRIAN MACIAS was in furtherance of the business of MSC CRUISES.

51. In addition, MASSAGE THERAPIST was authorized to touch Plaintiff in a manner consistent with providing spa services. MASSAGE THERAPIST extended and converted his authorized touching into the sexual battery of Plaintiff as described above.

52. The wrongful acts of MASSAGE THERAPIST were committed in the actual or apparent course and scope of his employment or agency with MSC CRUISES.

53. The wrongful acts were committed while MASSAGE THERAPIST was doing what his employment or agency contemplated.

54. The massage services provided by MASSAGE THERAPIST benefitted MSC CRUISES. MASSAGE THERAPIST was aided in accomplishing the tort upon Plaintiff by the existence of his agency relationship with MSC CRUISES. Specifically, MASSAGE THERAPIST used the authority actually delegated to him by MSC CRUISES to sexually assault ADRIAN MACIAS while he was undressed and laying in prone, vulnerable position in a dimly

lit room seeking relaxation. He was in this vulnerable position with MASSAGE THERAPIST precisely because of MASSAGE THERAPIST's agency relationship with MSC CRUISES.

55. Under the doctrine of respondeat superior, MSC CRUISES is responsible for the negligent, reckless and intentional actions of its servant, MASSAGE THERAPIST, committed in the actual or apparent scope of his duties.

56. As a direct and proximate cause of the foregoing, Plaintiff has suffered psychological, emotional and physical injuries, mental anguish and the loss of enjoyment of life.

WHEREFORE, Plaintiff, ADRIAN MACIAS, demands judgment against Defendants MSC CRUISES (USA), INC. and MSC CROCIERE, S.A. for compensatory damages, costs and such other and further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Dated: June 25th, 2014.

        Respectfully Submitted,

        */s/ Adam D. Horowitz*
        ADAM D. HOROWITZ
        FLORIDA BAR NO.: 376980
        Email: adam@pathtojustice.com
        FARMER, JAFFE, WEISSING,
        EDWARDS, FISTOS & LEHRMAN, P.L.
        425 North Andrews Avenue, Suite 2
        FORT LAUDERDALE, FL 33301
        (954) 524-2820 TELEPHONE
        (954) 524-2822 Facsimile

        Attorneys for Plaintiff, Adrian Macias

# EXHIBIT A



Qui Tam
Class Action
Personal Injury
Wrongful Death
Commercial Litigation
PATHTOJUSTICE.COM

# Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.

Adam D. Horowitz
adam@pathtojustice.com

June 17, 2014

<u>NOTICE OF CLAIM FOR PERSONAL INJURY – SUBMITTED WITHOUT PREJUDICE</u>

**<u>CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>**

Claims Department
MSC Crociere, S.A.
Via A. Depretis 31-80133
Naples
ITALY

MSC Cruises (USA), Inc.
6750 N. Andrews Avenue, Suite 100
Fort Lauderdale, FL  33309

| | | |
|---|---|---|
| RE: | Our client: | Adrian Macias |
| | Dates of incident: | Approximately May 4 and May 8, 2014 |
| | Cruise Ship: | MSC Divina |
| | File No.: | 14-000101 |

To Whom it May Concern:

This notice is issued to MSC Crociere, S.A. and MSC Cruises (USA), Inc. (collectively referred to as "MSC CRUISES") and its employees, agents, and independent contractors pursuant to a passenger ticket purchased by Adrian Macias.

This law firm represents Adrian Macias. Mr. Macias was a paying passenger aboard MSC DIVINA for a vacation cruise embarking from Miami, Florida on May 3, 2014, when he was sexually assaulted by his massage therapist on two occasions in the Aurea spa of MSC DIVINA. The assaults included, but were not limited to, the massage therapist putting his fingers around Adrian Macias' penis and fondling underneath his genitals and around his anus. Mr. Macias was in the spa for relaxation and these sudden and unexpected acts caused him to

feel paralyzed out of fear and he did not immediately know how to respond. Mr. Macias does not know the name of the massage therapist who assaulted him, but can readily identify him in the official promotional materials of MSC DIVINA, including photographs and a video. The assaults were previously reported by Mr. Macias to the ship's personnel on board the vessel on May 10, 2014.

The assaults occurred while on board MSC DIVINA during the contractual period of Adrian's passenger ticket and occurred while the Massage Therapist was acting as an agent within the scope of his employment or performing his duties and responsibilities as an employee of MSC CRUISES aboard MSC DIVINA. Acting as an actual or apparent agent of MSC CRUISES, the Massage Therapist was given the responsibility of performing quality massage services on MSC DIVINA on passengers who are undressed and in a vulnerable position. Massage Therapist seized this opportunity to commit sexual battery upon Adrian consisting of intentional, harmful, unwanted and offensive sexual contact upon his person. The acts described above during normal working hours at the spa on the premises of the MSC DIVINA operated and/or owned MSC CRUISES, and occurred during Massage Therapist's working hours.

The special relationship between a common carrier and passengers for hire arises from the fact that the passengers are entrusting themselves to the cruise ship company's protection and care. A cruise ship corporation has a duty of safe transport, including, *inter alia*, protection of ship passengers from attacks by its crew members and agent. MSC CRUISES did not protect Adrian Macias from the attack by the Massage Therapist and is thus strictly liable for his actions. In cases such as this, an agent's improper conduct must be imputed to the master, or the carrier, due to the fact that the servants aboard the ship are hired to perform the contract to transport safely the passengers. By intentionally causing harmful, unwanted and offensive sexual contact, Massage Therapist breached his duty as an agent of MSC CRUISES and thus, MSC CRUISES is strictly liable for the Massage Therapist's actions and the consequences thereof. As a direct result of the foregoing, Plaintiff has suffered psychological, emotional and physical injuries, mental anguish, and the loss of enjoyment of life.

This letter will serve to comply with the notice of claim provisions in Mr. Macias' passenger ticket with MSC. Mr. Macias intends to assert claims for all damages permitted by law and equity caused by the intentional acts, omissions, and or negligence of agents and employees of MSC Cruises (USA) resulting in his sexual battery.

This letter will also serve to request copies of the following documents:

1. Passenger ticket to Adrian Macias; and
2. Records of appointments of Adrian Macias at the spa aboard MSC DIVINA, including any and all surveillance.

Demand is also made on MSC CRUISES to disclose to me the name of the subject massage therapist and to retain all personnel records on the massage therapists assigned to perform massages on Adrian Macias. Additionally, demand is hereby made that you

immediately secure and preserve and any all video recordings and other photographic images of any kind of the subject spa before, during, and after the incidents described herein. These documents and items may be important items and evidence relevant to my client's legal rights. Please be certain that your company takes affirmative steps to ensure that this evidence is not lost or altered in respect. Please send copies of these documents and items to the undersigned immediately.

I also ask that any and all documents, of whatever kind or nature, regarding Adrian Macias and the subject massage therapist, whether specified above or not, be retained for future production to the undersigned or in-camera inspection by a court of jurisdiction.

Finally, Adrian Macias is making a demand for immediate resolution of this claim. If MSC CRUISES claims a deficiency in the foregoing notice, Adrian Macias demands immediate notice of the claimed deficiency and an explanation as to the manner in which claimed deficiency prejudices MSC CRUISES.

Please respond to these matters expeditiously. Please do not hesitate to contact me directly if you have any questions

Very Sincerely,

FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.

Adam D. Horowitz
ADH:mwk

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Macias
ADH
Postmark Here
6-17-2014

Sent To: MSC Cruises USA
Street, Apt. No.; or PO Box No.
City, State, ZIP+4: Ft. Lauderdale, FL 33309

PS Form 3800, August 2006    See Reverse for Instructions

7012 0470 0000 1712 5245

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   MSC Cruises (USA), Inc
   6750 N. Andrews Ave.
   Suite 100
   Fort Lauderdale, FL
   33309

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number *(Transfer from service label)*
   7012 0470 0000 1712 5245

PS Form 3811, July 2013        Domestic Return Receipt

**Receipt 1 (left):**

Registered No. RA546727283US
Reg. Fee $13.65
Handling Charge $0.00
Return Receipt $3.75
Postage $1.15
Restricted Delivery $0.00
Date Stamp: 0245 JUN 17 2014
Received by: [signature]
Customer Must Declare Full Value $0.00
Domestic Insurance up to $25,000 is included based upon the declared value. International Indemnity is limited. (See Reverse).

OFFICIAL USE

FROM: Adam Horowitz, Esq.
Farmer Jaffe Weissing
425 N. Andrews Ave. #2
Fort Lauderdale, FL 33301

TO: Claims Department
MSC Crociere, S.A.
Via A. Depretis 31 - 80133
Naples, Italy

PS Form 3806, Receipt for Registered Mail   Copy 1 - Customer
May 2007 (7530-02-000-9051)   (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com®

**Receipt 2 (right):**

Registered No.
Reg. Fee
Handling Charge
Return Receipt
Postage
Restricted Delivery
Date Stamp
Received by
Customer Must Declare Full Value $
Domestic Insurance up to $25,000 is included based upon the declared value. International Indemnity is limited. (See Reverse).

OFFICIAL USE

FROM: Adam Horowitz, Esq.
Farmer Jaffe Weissing
425 N. Andrews Ave. #2
Fort Lauderdale, FL 33301

TO: Claims Department
MSC Crociere, S.A.
Via A. Depretis 31 - 80133
Naples, Italy

PS Form 3806, Receipt for Registered Mail   Copy 1 - Customer
May 2007 (7530-02-000-9051)   (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com®

**Form PS 2865 (bottom):**

Item Description (Nature de l'envoi): ☒ Registered Article (Envoi recommandé) ☐ Letter (Lettre) ☐ Printed Matter (Imprimé) ☐ Other (Autre) ☐ Recorded Delivery (Envoi à livraison attestée) ☐ Express Mail International

Insured Parcel ☐ (Colis avec valeur déclarée)
Insured Value (Valeur déclarée):
Article Number:
Office of Mailing (Bureau de dépôt):
Date of Posting (Date de dépôt):

Addressee Name or Firm (Nom ou raison sociale du destinataire): MSC Crociere, S.A. - Claims Dept.
Street and No. (Rue et No.): Via A. Depretis 31 - 80133
Place and Country (Localité et pays): Naples, Italy

This receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

☐ The article mentioned above was duly delivered. (L'envoi mentionné ci-dessus a été dûment livré.)
Date:
Signature of Addressee (Signature du destinataire):
Office of Destination Employee Signature (Signature de l'agent du bureau du destination):
Postmark of the office of destination (Timbre du bureau de destination):

PS Form 2865, February 1997 (Reverse)